RECEIVED
DEC 1 2 2006
LAR___ ROPES, CLERK
CHARLESTON, SC

IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 2:06-1294 |
| | ) | |
| vs. | ) | 18 USC § 1030(a)(4) |
| | ) | 18 USC § 1030(b) |
| **KELLY EDWARD WADFORD, JR.** | ) | 18 USC § 1028A(a)(1) |
| | ) | 21 USC § 841(a)(1) |
| | ) | 21 USC § 841(b)(1)(D) |
| | ) | 21 USC § 846 |
| | ) | 18 USC § 2422(a) |
| | ) | 18 USC § 875(b) |
| | ) | 18 USC § 875(d) |
| | ) | 18 USC § 922(g) |
| | ) | |
| | ) | **INDICTMENT** |
| | ) | |

## COUNT 1

THE GRAND JURY CHARGES:

### Background

1.      At times relevant, and until he was fired on or about June 13, 2006, defendant **KELLY EDWARD WADFORD, JR.** ("the defendant") was the general manager of a company that sold and distributed certain electrical equipment. The principal place of business of the company was located in Ladson, South Carolina.

2.      As general manager, the defendant supervised other employees of the company, including three female employees referred to in this Indictment as Employees A, B and C.

3.      During the month of March, 2005, the defendant ordered and paid for 250 tablets of Rohypnol, also known as flunitrazepam and commonly referred to as a "date rape" drug. The defendant placed the order over the Internet by exchanging email with a Brazilian supplier.

4.     On or about April 11, 2005, the defendant took a sales trip from South Carolina to, among other places, the state of Ohio. He was accompanied by Employee A, who he had recently hired. The defendant told Employee A that she was taking the trip with him for training purposes.

5.     On the way to their destination, the defendant and Employee A stopped for gas, at which time the defendant purchased a fountain soda for Employee A and laced it with a drug commonly referred to as a "date rape" drug.

6.     After consuming the soda, Employee A became ill. The defendant took her to a hotel in Ohio, obtained a separate room for her, and helped her into the room. Later on the evening of April 12 and morning of April 13, 2005, the defendant partially removed Employee A's clothing, posed her in her hotel room bed, and took digital photographs of her naked torso and genitalia, all while Employee A was unconscious.

7.     Approximately one year later, in May of 2006, the company was investigating allegations that the defendant had sexually harassed female employees. Company representatives interviewed Employees A, B and C about their knowledge of the defendant's conduct.

8.     On or about May 28, 2006, the defendant accessed the email account of Employee B without her consent, and sent a bogus email to the president of the company, making it appear as if Employee B had actually authored and sent the email. The email purported to retract any accusation of sexual harassment, stated that Employee B had "totally lied" about the defendant, and asked that Employee B's resignation be accepted.

9.     The defendant was fired on June 13, 2006. On or about June 20, 2006, the defendant accessed the email account of Employee B without her consent, and sent more bogus

emails to the company president and Employees A, B and C, concealing the fact that he had actually authored and sent the emails. The defendant intended to use the emails to either get his job back or to pursue a lawsuit against his company for wrongful termination. One of the emails to the president again retracted any allegations of sexual misconduct, claimed that they were fabricated, asserted that the defendant was innocent of all charges, and asked that the defendant be re-hired. The emails to Employees A, B and C were threatening, and are further described in Counts Five, Six and Seven, below.

    10.    On or about June 20, 2006, in the District of South Carolina and elsewhere, defendant, **KELLY EDWARD WADFORD, JR.,** knowingly and with intent to defraud accessed a protected computer without authorization and exceeded his authorized access to a protected computer, and by means of such conduct attempted to further the intended fraud and obtain something of value consisting of more than the use of the computer; namely, the defendant accessed the computer email system of his former employer and the email account of a former colleague, and authored and sent emails which were false, fraudulent and in some cases threatening, with the intention of relying on the bogus emails to either get his job back or sue his former employer for wrongful termination;

    All in violation of Title 18, United States Code, Sections 1030(a)(4) and 1030(b).

## <u>COUNT 2</u>

THE GRAND JURY FURTHER CHARGES:

    1.    Paragraphs 1 through 10 of Count 1 of this Indictment are incorporated herein by this reference;

2. On or about June 20, 2006, in the District of South Carolina and elsewhere, the defendant, **KELLY EDWARD WADFORD, JR.**, did knowingly use, without lawful authority, a means of identification of another person, to wit, the name, email address, user name, and password of Employee B, during and in relation to the felony violation of 18 U.S.C. 1030(a)(4) alleged in Count 1;

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## *COUNT 3*

THE GRAND JURY FURTHER CHARGES:

1. Paragraphs 1 through 9 of Count 1 of this Indictment are incorporated herein by this reference;

2. From on or about March 6, 2005, to on or about March 20, 2005, in the District of South Carolina, the defendant, **KELLY EDWARD WADFORD, JR.**, did knowingly, intentionally and unlawfully attempt to possess with intent to distribute approximately 250 1-milligram tablets of flunitrazepam, also known as Rohypnol, a Schedule IV controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D), and 846.

## *COUNT 4*

THE GRAND JURY FURTHER CHARGES:

1. Paragraphs 1 through 9 of Count 1 of this Indictment are incorporated herein by this reference;

2. On or about April 11, 2005, in the District of South Carolina and elsewhere, the defendant, **KELLY EDWARD WADFORD, JR.**, did knowingly persuade and induce Employee A to travel in interstate commerce to engage in sexual activity for which any person

could be charged with a criminal offense, by taking Employee A on a business trip from South Carolina to Ohio and elsewhere so that he could drug her senseless, have sexual contact with her, photograph her nude from the waist down, and thereby commit gross sexual imposition and voyeurism, criminal offenses under Ohio Revised Code Sections 2907.05(A)(2) and 2907.08(B);

All in violation of Title 18, United States Code, Section 2422(a).

## *COUNT 5*

THE GRAND JURY FURTHER CHARGES:

1.     Paragraphs 1 through 9 of Count 1 of this Indictment are incorporated herein by this reference;

2.     On or about June 20, 2006, in the District of South Carolina and elsewhere, the defendant, **KELLY EDWARD WADFORD, JR.**, did knowingly and with the intent to extort a thing of value transmit in interstate commerce a communication containing a threat to injure the person of another, by sending an email to Employee C, falsely purporting to be from Employee B. The email stated in part, "If you care about the long term future of your grandkids you should tell the truth and resign from the company."

All in violation of Title 18, United States Code, Section 875(b).

## *COUNT 6*

THE GRAND JURY FURTHER CHARGES:

1.     Paragraphs 1 through 9 of Count 1 of this Indictment are incorporated herein by this reference;

2.     On or about June 20, 2006, in the District of South Carolina and elsewhere, the defendant, **KELLY EDWARD WADFORD, JR.**, did knowingly and with the intent to extort a

thing of value transmit in interstate commerce a communication containing a threat to injure the person of another, by sending an email to Employee B, which email stated, "If you wish to ensure the long term welfare of evryone [sic] close to you, you should consider telling the truth and resign from your position."

All in violation of Title 18, United States Code, Section 875(b).

### COUNT 7

THE GRAND JURY FURTHER CHARGES:

1. Paragraphs 1 through 9 of Count 1 of this Indictment are incorporated herein by this reference;

2. That on or about June 20, 2006, in the District of South Carolina and elsewhere, the defendant, **KELLY EDWARD WADFORD, JR.**, did knowingly and with the intent to extort a thing of value transmit in interstate commerce a communication containing a threat to injure the reputation of another, by sending an email to Employee A, falsely purporting to be from Employee B. The email included photos of Employee A nude from the waist down, and stated, "There are 137 more like these but better. To prevent widespread distribution, you need to contact the one you have wronged."

All in violation of Title 18, United States Code, Section 875(d).

### COUNT 8

THE GRAND JURY FURTHER CHARGES:

1. On or about July 18, 2006, in the District of South Carolina, the defendant, **KELLY EDWARD WADFORD JR.**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce

the following firearms: a Springfield .22 caliber rifle, a Remington .22 caliber rifle, a Smith and Wesson .32 caliber revolver, a Sturm Ruger .357 caliber revolver, a Remington model 7400 rifle, a Charter Arms AR7 Explorer rifle, a Remington Woods Master 742 rifle, a Taurus revolver, and a Ruger .22 caliber handgun, all of which had been shipped and transported in foreign and interstate commerce;

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

A     TRUE     BILL

s/Foreperson
FOREPERSON

s/Reginald I. Lloyd
REGINALD I. LLOYD  (EJK)
UNITED STATES ATTORNEY

# POSSIBLE PENALTIES

## *COUNT 1*

### 18 U.S.C. § 1030(a)(4) and (b)
*Fraud and Unauthorized Access to Computers (attempt)*
MAXIMUM TERM OF IMPRISONMENT: 5 YEARS
MAXIMUM FINE AMOUNT: $250,000
SUPERVISED RELEASE: 3 YEARS
SPECIAL ASSESSMENT: $100.00

## *COUNT 2*

### 18 USC 1028A(a)(1)
*Aggravated Identity Theft*
TERM OF IMPRISONMENT: MANDATORY CONSECUTIVE 2 YEARS
MAXIMUM FINE AMOUNT: $250,000
SUPERVISED RELEASE: 3 YEARS
SPECIAL ASSESSMENT: $100

## *COUNT 3*

### 21 USC 841(a)(1), (b)(1)(D) and 846
*Attempted Possession of a Controlled Substance With Intent to Distribute*
MAXIMUM TERM OF IMPRISONMENT: 5 YEARS
MAXIMUM FINE AMOUNT: $250,000
SUPERVISED RELEASE: 3 YEARS
SPECIAL ASSESSMENT: $100

## *COUNT 4*

### 18 USC 2422(a)
*Inducing Interstate Travel for Illegal Sexual Activity*
MAXIMUM TERM OF IMPRISONMENT: 20 YEARS
MAXIMUM FINE AMOUNT: $250,000
SUPERVISED RELEASE: 3 YEARS
SPECIAL ASSESSMENT: $100

## COUNT 5

**18 U.S.C. § 875(b)**
*Threatening Interstate Communications*
MAXIMUM TERM OF IMPRISONMENT: 5 YEARS
MAXIMUM FINE AMOUNT: $250,000
SUPERVISED RELEASE: 3 YEARS
SPECIAL ASSESSMENT: $100.00

## COUNT 6

**18 U.S.C. § 875(b)**
*Threatening Interstate Communications*
MAXIMUM TERM OF IMPRISONMENT: 5 YEARS
MAXIMUM FINE AMOUNT: $250,000
SUPERVISED RELEASE: 3 YEARS
SPECIAL ASSESSMENT: $100.00

## COUNT 7

**18 U.S.C. § 875(d)**
*Threatening Interstate Communications*
MAXIMUM TERM OF IMPRISONMENT: 5 YEARS
MAXIMUM FINE AMOUNT: $250,000
SUPERVISED RELEASE: 3 YEARS
SPECIAL ASSESSMENT: $100.00

## COUNT 8

**18 U.S.C. § 922(g)(1)**
MAXIMUM TERM OF IMPRISONMENT:10 YEARS:
MAXIMUM FINE AMOUNT: $250,000
SUPERVISED RELEASE: 3 YEARS
SPECIAL ASSESSMENT: $100

*If Defendant has three (3) previous convictions for a serious drug offense and/or a violent felony:*

MANDATORY MINIMUM TERM OF IMPRISONMENT:15 YEARS
MAXIMUM TERM OF IMPRISONMENT: LIFE
MAXIMUM FINE AMOUNT: $250,000
SUPERVISED RELEASE: 5 YEARS
SPECIAL ASSESSMENT: $100