IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kelly Edward Wadford, Jr., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>United States of America, )<br>)<br>Respondent. )<br>_____) | Case No.: 2:06-cr-01294-PMD-1<br><br>**ORDER** |

      Kelly Edward Wadford, Jr. ("Wadford" or "Petitioner"), a federal prisoner proceeding *pro se*, moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("motion to vacate"). The Government opposes this motion and has filed a motion to dismiss, or in the alternative, a motion for summary judgment. The Court has thoroughly reviewed the record and finds the motions suitable for disposition without an evidentiary hearing. For the reasons that follow, the Court denies Petitioner's motion to vacate and grants the Government's motion for summary judgment.

**BACKGROUND**

      In June of 2006, the FBI began an investigation into the unauthorized access of e-mail systems and threats made to employees at Leader Pumps America, where Petitioner was employed. On June 8, 2006, one of Petitioner's co-workers ("Employee A") was sent an e-mail from another employee's account ("Employee B") containing a partially nude photo of Employee A. She did not remember the photos being taken, but recalled being on a business trip with Petitioner and feeling sick after drinking a soda given to her by Petitioner. She stated that she was ill almost the entire night and missed a meeting the next morning as a result. Later that month, another e-mail was sent from Employee B's account to another co-worker ("Employee

1

C"). The e-mail indicated that Employee B had told lies about Petitioner and referenced a pending sexual harassment claim against Petitioner. Employee B denied sending the e-mail. There were three other instances of e-mails being sent from accounts of employees who denied sending them; the e-mails contained threats and, in one case, more nude photos of Employee A.

The investigation revealed that the e-mails had been sent from Petitioner's home. A search revealed that Petitioner's work computer had downloaded photos from a camera, and the numbers assigned to the photos matched those of the pictures sent to the various co-workers. Law enforcement obtained a search warrant for Petitioner's home and discovered several firearms there. Petitioner's computer showed that he had attempted to buy drugs that would incapacitate a person. Law enforcement also found nude photos of Employee A on both Petitioner's computer and a portable "thumb" drive. There was also evidence of Petitioner accessing his co-workers' accounts to send e-mails for the purpose of regaining his job after he had been fired.

Petitioner was indicted in December of 2006. On January 3, 2007, the Summerville Police Department found Petitioner riding a bicycle half a mile away from Employee A's home, wearing a mask and carrying a backpack containing a loaded handgun. Petitioner also had a set of keys to a car that contained binoculars, thumb cuffs, four folding knives, a box cutter, a smoke grenade, seven bottles of pepper spray, two handcuff keys, a stun gun, a wig, work and latex gloves, two batons, and two pistol magazines with ammunition.

## **PROCEDURAL HISTORY**

On February 14, 2007, the Government filed an eleven-count indictment against Petitioner charging him with Fraud Activity Connected to Computers (Count 1), Aggravated Identity Theft (Count 2), Possession with Intent to Distribute Rohypnol, a Schedule IV

2

Controlled Substance (Count 3), Coercion or Enticement of a Female (Count 4), three counts of Interstate Communications to Threaten or Extort (Counts 5, 6, and 7), two counts of Possession of a Firearm by a Prohibited Person (Counts 8 and 9), Witness Tampering (Count 10), and Possession of a Firearm in Furtherance of a Crime of Violence (Count 11).

On November 26, 2007, Petitioner pled guilty to Counts 8 and 9, pursuant to a plea agreement with the Government. Petitioner went to trial on the remaining counts, and a jury convicted him of each. Petitioner was sentenced to a term of incarceration for 180 months on April 11, 2008. Petitioner appealed, and on June 10, 2009, the Fourth Circuit Court of Appeals affirmed in part and vacated in part, whereby Count 6 was later dismissed and the same sentence re-imposed.

On January 19, 2011, Petitioner filed a motion to vacate based on ineffective assistance of trial and appellate counsel. Petitioner requests an evidentiary hearing on the matter and that counsel be appointed to represent him on this motion. On May 4, 2011, the Government filed this motion to dismiss or, in the alternative, grant summary judgment in its favor. Petitioner responded on July 6, 2011, requesting that the Government's motion be stricken, that the Court's internal docket as to this pleading be removed or otherwise sealed, and that the Court order an evidentiary hearing on this matter. Petitioner does not address the merits of the Government's motion, but argues that the Government's use of an affidavit and documents from Petitioner's counsel violates the American Bar Association's ("ABA") Standing Committee on Ethics and Professional Responsibility regarding attorney-client privilege.

## STANDARD OF REVIEW

A court should grant summary judgment if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Summary judgment is appropriate where the record shows that a rational juror could not find for the non-moving party. *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). Once the moving party satisfies its burden, the opposing party must respond with "specific facts showing a genuine issue for trial." *Babar v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

In applying this standard, the Court is mindful that pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the Court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## ANALYSIS

Petitioner states two grounds in support of his motion to vacate:

I. Ineffective assistance of trial counsel:

    (1)   "Counsel failed to effectively communicate with the defendant and the defendant's family members,"

  (2)  "Counsel failed to allow the defendant to testify in his own defense at trial. Counsel . . . threatened to withdraw his representation if defendant continued to demand to testify on his own behalf,"

  (3)  "Counsel used a ruse to convince the defendant to not testify on his own behalf,"

  (4)  "Counsel failed to properly interview and/or prepare the two witnesses which he called,"

  (5)  Counsel advised Petitioner that the Fourth Circuit never goes above sentencing guidelines,

  (6)  "Counsel advised [Petitioner] that [he] would be 'facing seven years maximum,'"

  (7)  Counsel's objections to the Presentence Investigation Report (PSI) "were not well presented,"

  (8)  Counsel failed to call to trial a hired investigator who could have testified to facts inconsistent with ones brought forth at trial,

  (9)  "Counsel did not properly prepare for trial;" and,

II. Ineffective assistance of appellate counsel:

  (1)  Counsel filed appellate brief without input from Petitioner and did not "address several critical issues,"

  (2)  Counsel ignored "impermissible double-counting" and improper grouping issues, and

  (3)  "Counsel conferred with [Petitioner's] trial attorney and simply ignored [Petitioner's] entire line of argument."

For the reasons stated below, the Court grants the Government's motion for summary judgment as to both grounds.

**<u>Ground I:</u>**

In his first ground for relief, Petitioner alleges ineffective assistance of trial counsel. Petitioner was represented at the trial level by David P. McCann. The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in

5

all criminal proceedings. *See* U.S. Const. amend. VI. In order to successfully challenge a conviction based on ineffective assistance of counsel, a defendant must demonstrate both that, "counsel's performance was deficient" and that, "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The first prong of the *Strickland* test requires that a petitioner prove "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In considering what is reasonable, "judicial scrutiny of counsel's performance must be highly deferential," such that, "a court must indulge a high presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The burden is on the petitioner to "overcome the presumption that the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted). The second prong of the *Strickland* test requires that a petitioner "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Court defined this "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." *Id.*

In moving pursuant to 28 U.S.C. § 2255, a petitioner must do more than make conclusory allegations, but rather he must support his claim with detailed, factual assertions showing that counsel's ineffective assistance prejudiced the defense. *See Small v. United States*, 586 F. Supp. 2d 417, 423 (D.S.C. 2007). Ultimately, the Court's analysis of Petitioner's claim may properly start with the prejudice component because a court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

**(1) Communication with Petitioner and Petitioner's Family**

Petitioner claims in Paragraph One of his motion to vacate that counsel failed to effectively communicate with Petitioner and his family. The supporting documents of his counsel's affidavit rebut that claim, as it contains copies of twenty-six letters sent from counsel to either Petitioner or Petitioner's wife spanning from December 20, 2006 to August 20, 2008. Counsel states that he also met with Petitioner's family at his office on other occasions. (Aff. of David P. McCann, 2). In his response, Petitioner does not rebut any of these factual assertions made by counsel. Further, Petitioner's vague and conclusory claims do not allege that the communications issues prejudiced the defense, and are therefore without merit. *See Strickland*, 466 U.S. 668, 694 (requiring "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

**(2) and (3) Petitioner's Right to Testify in His Defense**

Paragraphs Two and Three of Petitioner's motion to vacate allege that, through threats to quit and use of a ruse, counsel prevented Petitioner from testifying in his defense. While a criminal's constitutional right to testify in his defense may not be waived by counsel, "if counsel believes that it would be unwise for the defendant to testify, counsel may, and indeed should, advise the client in the strongest possible terms not to testify," and "[a]bsent evidence of coercion, legal advice concerning the defendant's right to testify does not constitute ineffective assistance of counsel." *United States v. Lowery*, CR. 8:05-524-HMH, 2008 WL 4832458, *4 (D.S.C. Oct. 28, 2008) (internal quotation marks and citations omitted).

Petitioner's claim that counsel refused to allow him to testify in his defense is unsupported by the record. The trial transcript indicates that this Court informed Petitioner of his right to testify and that he knowingly waived the right at the advice of his counsel:

> THE COURT: Mr. Wadford, you understand, of course, that you have a right to testify if you wished to, but you also have a right not to testify?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: If you choose not to testify, I will instruct the jury that the fact that you did not testify cannot be used against you in any way. If you choose to testify, then of course you will be subject to cross-examination by the Government. So it's your decision based upon those considerations. I don't know whether you and Mr. McCann have had a chance to talk and whether you've made a decision in that regard. Are you prepared to tell me?
>
> THE DEFENDANT: I am.
>
> THE COURT: What is your decision?
>
> THE DEFENDANT: Based on the advice of my lawyer, I choose not to --
>
> THE COURT: Okay.
>
> THE DEFENDANT: -- testify.
>
> THE COURT: Thank you very much.

[Trial Tr. 120-121, lines 25-20].

Counsel also denies making any threats or engaging in any "ruse" to force Petitioner not to testify. Aff. at 2 ("I adamantly deny threatening to withdraw from the case if Mr. Wadford decided to testify in his own defense . . . I deny that I made the statement attributed to me during the course of my representation of Mr. Wadford"). Even assuming that counsel failed to allow him to testify, Petitioner offers no facts indicating that his testimony would have been "genuinely exculpatory" or even what his testimony would have been. *See Michel v. United States*, 2011 WL 767389, *5 (W.D. Va. Feb. 25, 2011). Petitioner's vague statement that he would have "testif[ied] in his own defense" does not satisfy his burden of proving that his testimony may have changed the outcome, and thus fails under *Strickland*. *See United States v. Adams*, 198

F.3d 238, *1 (4th Cir. 1999) (finding that petitioner's vague statement that he wanted to "defend [himself] against the accusations" was insufficiently vague to question his conviction").

### (4) Interviewing and/or Preparation of Witnesses

In Paragraph Four of his motion to vacate, Petitioner makes only a conclusory allegation that Counsel failed to properly interview and/or prepare witnesses. He offers no evidence supporting this contention and makes no claims as to how their testimony may have altered the outcome or what their testimonies would have been; the claim is therefore without merit. *See Strickland*, 466 U.S. 668, 694. Additionally, Counsel's affidavit, which states that Counsel spoke to the out-of-state witness via telephone and reviewed their FBI interview documents, rebuts the claim. (Aff. at 2-3). Further, "[d]irect- and cross-examination techniques are matters of trial strategy left to the discretion of counsel." *United States v. Myers*, 2009 WL 1014335 (D.S.C. Apr. 14, 2009) *appeal dismissed*, 350 F. App'x. 810 (4th Cir. 2009) *cert. denied*, 131 S. Ct. 166, 178 L. Ed. 2d 98 (U.S. 2010) *quoting Barnes v. United States,* 859 F.2d 607, 608 (8th Cir. 1988).

### (5) and (7) Petitioner's PSI

Paragraphs Five and Seven of Petitioner's motion to vacate involve Petitioner's PSI and can be discussed together. Petitioner alleges that he did not receive his PSI until the day before sentencing, that he was unaware that the Government asked the Court to go above the guidelines, and that Counsel informed Petitioner that the Fourth Circuit never goes above sentencing guidelines. Counsel states that he reviewed the PSI with Petitioner at the jail, that he sent Petitioner copies of his objections, and that he asked Petitioner for his input. (Aff. at 3). Counsel presents a letter sent to Petitioner with the PSI attached dated January 14, 2008, well before the April 1, 2008 sentencing date. Counsel also attaches his letter to Petitioner, dated

March 20, 2008, which includes the Government's documents stating its intention to go above sentencing guidelines. In Paragraph Seven, Petitioner claims that Counsel's objections to the PSI were not well presented. Counsel attaches both his letter to the US Probation Office responding to the PSI and the transcript from the sentencing hearing in which he raises the objections. The letter outlines his objections in detail. (*Id.* at 23-25). These documents show that Counsel's performance did not "[fall] below a reasonable standard of conduct." *Strickland*, 466 U.S. 668, 688. Petitioner also presents no evidence showing that any action by Counsel would have changed the result of the sentencing hearing, thus his claim is without merit. *See Jones v. United States*, 2006 WL 2038305, *3 (D.S.C. July 19, 2006).

### (6) Advising of Sentencing

In Paragraph Six, Petitioner claims that Counsel told him he would be facing seven years maximum in prison. Counsel disputes this in his affidavit and suggests that Petitioner confuses the mandatory minimum and maximum sentences. Aff. at 3. Regardless, Petitioner's apparent misunderstanding of the sentence had no effect on the term of imprisonment imposed, and thus does not constitute ineffective assistance of counsel. *Strickland*, 466 U.S. at 697. Additionally, "to establish prejudice from counsel's failure to investigate his possible sentence, petitioner must show that the results of an investigation would have changed the outcome of the trial," and Petitioner makes no argument that Counsel's actions could have altered the sentence. *Jones*, 2006 WL 2038305 at *3. Petitioner also vaguely states that Counsel assured Petitioner that he would make the Court aware of Petitioner's age and other conditions, which the record indicates Counsel did:

> MR. McCANN: Please the Court, Your Honor, this is in the factors that now the Court considers besides the guidelines, I urge the Court to look at basically the first 52 years of this man's life. His limited criminal history was some 15 years ago. He has worked his adult life. In fact, he tells me he's worked since he was

in the tenth grade. He supported his wife. His wife is devoted to him, they've been married over 30 years. His parents, his mother not able to be here, but his father's here, his brothers are here. But I'd like to point out, and this is unusual, Judge, because again, we had a trial, and being unusual, I thought I'd mention it as being some way that this man could receive some leniency, keeping in mind the consecutive sentences that he's facing. And his age.

[Tr. of Sentencing Hr'g, 595-597, lines 22-10].

### (8) Calling the Investigator to Trial

Petitioner asserts in Paragraph Eight of his motion to vacate that Counsel failed to call an investigator hired by Counsel to trial, and that the investigator could have testified to "many facts which were brought forth at trial that were inconsistent with what the investigator found." (Defendant's Mem. at 4). Petitioner does not specify what these facts were or how the investigator's testimony "would have assisted him in his defense or negated the substantial evidence against him." *United States v. Lowery*, 2008 WL 4832458, *3 (D.S.C. Oct. 28, 2008). Additionally, "under *Strickland,* the decision of whether to call a witness at trial is one of trial strategy which is presumed to have been sound." *Jones*, 2006 WL 2038305 at *3 (internal quotation marks and citation omitted). Therefore, Petitioner does not demonstrate how counsel was ineffective or how the defense was prejudiced.

### (9) Preparation for Trial

Petitioner makes the broad allegation that Counsel failed to properly prepare for trial, and offers no factual basis for this claim. This claim is without merit, as "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Wagner v. United States*, 377 F. Supp. 2d 505, 509 (D.S.C. 2005) *quoting Green v. Johnson,* 160 F.3d 1029, 1042 (5th Cir. 1998). Given the weight of evidence against Petitioner at trial, this allegation does nothing "to undermine confidence in the outcome" and thus fails to show ineffective assistance of counsel. *Strickland*, 466 U.S. at 694.

11

**Ground II:**

Petitioner next argues that his appellate counsel was similarly ineffective. In reviewing a claim for ineffective assistance of counsel, appellate assistance is held to the same standard as trial assistance. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).

Petitioner makes several allegations regarding issues allegedly ignored by Counsel: that Counsel did not address on appeal issues raised by Petitioner, that Counsel ignored an impermissible double-counting issue, and that Counsel conferred with the trial attorney and ignored Petitioner's arguments. These claims are vague and conclusory and do not support a valid claim for ineffective assistance of counsel. *Small v. United States*, 586 F. Supp. 2d 417, 423 (D.S.C. 2007) (finding that a "mere assertion falls far short of establishing a valid claim for relief under § 2255"). Petitioner does not specify what the double-counting and grouping issues are, but the issue of grouping victims was raised and objected to at his sentencing. At that time, this Court determined that the three victims of Petitioner's emails would be grouped separately. (Tr. Of Sentencing Hr'g at 594). Further, Counsel has no constitutional duty to raise every argument available or requested by Petitioner, and doing so can actually be harmful to the case. *Jones v. Barnes*, 463 U.S. 745, 754 (1983).

**PETITIONER'S RESPONSE**

In his response to the Government's motion, Petitioner contends that it was improper for counsel to disclose communications and information protected by attorney-client privilege. However, "it has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Dunlap v. United States*, 2011 WL

12

2693915, *2 (D.S.C. July 12, 2011) *quoting Bittaker v. Woodford,* 331 F.3d 715, 716 (9th Cir. 2003).

Petitioner relies solely upon ABA Formal Opinion 10-456, which finds that, regarding responses to claims for ineffective assistance of counsel, "it is highly unlikely that a disclosure in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, will be justifiable." ABA Standing Comm. on Ethics & Prof'l Responsibility, Formal Op. 10–456, 5 (2010). However, the opinion itself notes that, "[a] client who contends that a lawyer's assistance was defective waives the privilege with respect to communications relevant to that contention." *Id.* at 2 n. 9 (quoting Restatement (Third) of the Law Governing Lawyers § 80(1)(b) & cmt. c (2000)). Additionally, an ABA Ethics Opinion is not binding, and the opinion correctly states that, "the laws, court rules, regulations, rules of professional conduct, and opinions promulgated in individual jurisdictions are controlling." *Id.* at 1 n. 1. Thus, "by bringing this § 2255 action based on claims of ineffective assistance of counsel, Petitioner waived his attorney-client privilege with respect to the communications at issue with his allegedly ineffective Trial Counsel." *Dunlap*, 2011 WL 2693915 at *2.

## **CONCLUSION**

Based on the foregoing, it is therefore **ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED**, and Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is hereby **DISMISSED**. It is **FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**August 8, 2011**
**Charleston, SC**

14